IN THE OREGON TAX COURT
REGULAR DIVISION
Property Tax

| | | |
|---|---|---|
| PATRICK ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5478** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION FOR SUMMARY JUDGMENT** |

This matter is before the court on Defendant's Motion for Summary Judgment, filed March 21, 2025. Plaintiff did not file a response to the motion. A hearing on Defendant's motion was scheduled for May 20, 2025. Plaintiff failed to appear for the hearing.

In this property tax case, Plaintiff alleges that the Magistrate Division erroneously dismissed his appeal because he is "low income and veteran," and therefore should be eligible to have "the state of Oregon pa[y] my property taxes." (Compl at 1.)

Defendant has moved for summary judgment on two grounds: first, that the magistrate properly dismissed Plaintiff's appeal because Plaintiff failed to comply with orders of the magistrate. A ruling by this division in favor of Defendant on this ground would make it unnecessary to decide the merits. *See Salisbury v. Dept. of Rev.,* 24 OTR 497, 505 (2021) ("*De novo* review in the Regular Division does not mean that a party can expect the Regular Division to hear the merits of an appeal if the magistrate has dismissed that party's appeal on procedural grounds[, as f]or example, if a party fails to appear at a hearing * * * ."). Alternatively, if this division were to decide that the magistrate's dismissal was inappropriate, Defendant argues that Plaintiff's claim on the merits--a request for deferral of property tax under ORS 311.666 to

311.701--fails because the property was pledged as security for a reverse mortgage after a deadline prescribed in ORS 311.700(3)(b).

As discussed below, the court concludes that the magistrate's dismissal was appropriate. The Regular Division will dismiss Plaintiff's complaint without reaching the merits.

## I. FACTS

The relevant facts alleged by Defendant, and the corresponding Magistrate Division rules in effect at the time, include:

- On November 4, 2024, the magistrate sent notice to the parties of a case management conference (CMC) to be held November 26, 2024. The notice stated in part: "If you do not appear, your case may be dismissed or a decision may be entered against you." The notice summarized and referred to Tax Court Rule-Magistrate Division (TCR-MD) 8, which provides a process to seek to reschedule a hearing. (Def's Decl of Na, Ex 5.) TCR-MD 6 A provides: "At the time of the initial case management conference, each party must be prepared to briefly identify the issue(s), discuss discovery (see TCR-MD 9) and discovery cut-off dates if applicable, and have a calendar available for scheduling purposes."

- On November 26, 2024, the magistrate held the CMC; Plaintiff failed to appear. (Def's Decl of Na, Ex 6.)

- On November 26, 2024: the magistrate ordered Plaintiff to show cause why his case should not be dismissed, by filing a response by December 10, 2024. The order stated: "The Complaint will be dismissed if no response from Plaintiff is received." (*Id.*)

- On December 16, 2024, the court issued a Decision of Dismissal because it had received no further communication from Plaintiff. TCR-MD 21 A provides: "Enforcement; Sanctions. The court may enforce any decision, order, judgment, or other statement directing a party to perform a specific act by imposing sanctions on the party refusing or neglecting to comply. Sanctions may include, but are not limited to, dismissal of the case, placing the noncompliant party in default, and sanctions for contempt as authorized by statute."

## II. ANALYSIS

*Mughal v. Dept. of Rev.*, 25 OTR ___ (2024), describes a three-part standard for analyzing a magistrate's decision of dismissal:

First, did the dismissal comply with the court's rules? In this case, the answer is yes. TCR-MD 21 allows the magistrate to dismiss for failure to perform a specific act. The uncontested evidence is that Plaintiff failed to perform two specific acts: to appear at the CMC, and thereafter to show cause for his non-appearance.

Second, did the dismissal rely solely on a "technical or formal" rule of evidence or procedure? In this case, the answer is no. A person suing a party must expect that they will be required to show up for a hearing and that they will have to comply with any order the court issues. These are basic parts of any lawsuit, not technicalities.

Third, did the dismissal achieve substantial justice? In this case, yes. The magistrate gave Plaintiff ample notice at every stage that his participation was required in order to advance his case, but he simply did not respond. Continuing the proceedings would have prejudiced Defendant by requiring it to incur costs of litigation in a case that the person who started it appeared to have abandoned.

In this division, as the appealing party, Plaintiff bears the burden of proof that the magistrate's dismissal was not justified. ORS 305.427. However, in response to Defendant's Motion for Summary Judgment, Plaintiff has produced no evidence to create a genuine issue of fact, nor has he advanced any argument. Tax Court Rule 47 C.

The court will grant Defendant's motion as to Defendant's first issue: the magistrate's dismissal was appropriate, and the court need not reach the merits of Plaintiff's claim for property tax deferral. Now, therefore,

/ / /

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that Plaintiff's appeal is dismissed.

Dated this 21st day of May, 2025.

5/21/2025 8:23:38 AM

Judge Robert T. Manicke